UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| W&T OFFSHORE, INC., | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| vs. | § | Civil Action No. 4:24-cv-01352 |
| | § | |
| CRESCENT MIDSTREAM, LLC, | § | |
| | § | |
| *Defendant.* | § | |

**DEFENDANT CRESCENT MIDSTREAM, LLC'S OPPOSITION TO
PLAINTIFF W&T OFFSHORE, INC.'S OPPOSED
<u>MOTION TO CONTINUE PRELIMINARY INJUNCTION HEARING</u>**

Defendant Crescent Midstream, LLC ("Crescent") opposes Plaintiff W&T Offshore, Inc.'s ("W&T") motion to continue the preliminary injunction hearing set to take place in a week, on November 26, 2024. W&T's request, if granted, could delay such a hearing for upwards of two months. For the reasons explained below, Crescent respectfully opposes this request in light of the imminent harm it faces.

### I.   <u>INTRODUCTION</u>

As the Court is aware, Crescent requested emergency relief—through both a temporary restraining order and a preliminary injunction—that would enjoin W&T from unilaterally terminating two executory contracts: the parties' Dedication and Transportation Services Agreement ("Transportation Agreement") and Platform Pipeline Connection and Access Agreement ("Access Agreement"). Crescent seeks to prevent imminent, irreparable harm that will result unless the parties are returned to their contractual positions *status quo ante*—that is, before the instant dispute occurred. For Crescent, that relief would allow it to immediately maintain and prevent further damage to the integrity of its pipeline system, including by flowing production through its Grand Isle Gathering System ("GIGS") that currently connects to and crosses over

Crescent's WD73A offshore platform, until this Court is able to decide the parties' claims on their merits. Importantly, such relief would comport with the explicit dispute resolution provision negotiated and agreed to by the parties mandating performance pending final dispute resolution. *See* Transportation Agreement at § 15.7, ECF No. 32-11, App. 083-084.

W&T asks the Court to further delay the preliminary injunction hearing on two grounds: that one of its ten lawyers who is not designated as Attorney-In-Charge has family travel on the hearing date and that its CEO, Tracy Krohn, has unspecified "international travel" through December 3, 2024. ECF No. 42 at p. 1. Notably, Mr. Krohn did not sign either the of the operative contracts in dispute, the Transportation Agreement or the Access Agreement. *See* Transportation Agreement, ECF No. 32-11, Access Agreement, ECF No. 32-11.

As explained in Crescent's motion for injunctive relief, permitting further delay will only cause Crescent further irreparable harm unless immediate injunctive relief is provided in the interim. *See* ECF No. 32. On those grounds, it respectfully opposes W&T's requested relief and asks that the Court deny it. However, Crescent acknowledges that the imminent risk of irreparable harm can be obviated if W&T stipulates to a temporary restraining order that would last until the Court can reschedule, as it now requests, the preliminary injunction hearing for a later date. Crescent offered this option to W&T's counsel when she sought Crescent's consent to W&T's motion to continue, but W&T did not accept.

## II.    LAW AND ARGUMENT

Under this Court's Local Rule 11.1 and Judge Hanen's Civil Procedure 5(B), each party is required to designate an attorney-in-charge on first appearance of counsel and that individual "must appear at all hearings or conferences." *See* L.R. 11.1; J. Hanen Civ. P. 5(B).

Here, it appears that W&T has failed to make such a designation, but nevertheless it is well-represented by three different law firms and ten individual attorneys who have made an appearance in this dispute. While Crescent understands the importance of family travel, the gravity of the situation warrants that the preliminary injunction hearing should proceed as scheduled, as W&T can be represented by any other of its various counsel.

Further, notice of W&T's unavailability could have been provided prior to the Court's scheduling of the hearing. For instance, on October 28, 2024, before filing its motion, Crescent attempted to secure from W&T's counsel dates of availability for any meeting or conference addressing its request for injunctive relief. *See* Exhibit A, attached. Although promised, Crescent did not receive such dates, and five additional attorneys subsequently made appearances for W&T. *See* ECF Nos. 33, 34, 35, 37, and 38. Only after Court set the upcoming hearing did W&T's counsel advise that one of its attorneys could not attend on the date scheduled.

W&T, a publicly-traded company, offers no basis for why the absence of Mr. Krohn would affect the hearing as currently set. Although he is its CEO, Mr. Krohn did not sign either the Transportation Agreement or the Access Agreement. W&T has made no mention as to the availability of its signatory witnesses concerning those two contracts.

Finally, granting a continuance would run contrary to the interests of justice under these circumstances where Crescent faces the substantial risk of imminent harm should its contractual access to the WD73A platform continue to be wrongly denied. Crescent would not oppose the rescheduling of the hearing if, in the interim, W&T would consent to a temporary restraining order returning the parties to the *status quo ante* before this dispute arose until such time as the Court can more fulsomely hear the merits of the matter at hand. Absent that, Crescent remains opposed to W&T's request.

### III. CONCLUSION

For these reasons, Defendant Crescent Midstream, LLC opposes the request made by Plaintiff W&T Offshore, Inc. to continue the forthcoming November 26, 2024 preliminary injunction hearing.

          Respectfully submitted,

GORDON, ARATA, MONTGOMERY, BARNETT, McCOLLAM, DUPLANTIS, & EAGAN, LLC

*s/ Scott A. O'Connor*
Scott A. O'Connor
LA Bar No. 19723 TA
S.D. Texas Bar No. 261657
Attorney-in-Charge
201 St. Charles Avenue, 40th Floor
New Orleans, LA 70170-4000
Telephone: 504.582.1111
Facsimile: 504.582.1121
Email: soconnor@gamb.com
**ATTORNEYS FOR DEFENDANT CRESCENT MIDSTREAM, LLC**

**OF COUNSEL**
Adam J. Russ
Texas Bar No. 24109435
S.D. Texas Bar No. 3299053
1001 Fannin St., Suite 3850
Houston, Texas 77002
Telephone: 713.333.5573
Email: aruss@gamb.com

### CERTIFICATE OF SERVICE

I hereby certify that on November 19, 2024, a true and correct copy of the foregoing was filed electronically via the Court's CM/ECF system. Notice of this filing will be sent through the Court's electronic filing system to all parties specified on the electronic receipt. Parties may access this filing through the Court's electronic filing system.

          *s/ Scott A. O'Connor*
          Scott A. O'Connor